UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARCHER AVELIN : | |
| f/k/a/ NATHAN B. GRAGE : | |
| : | |
| v. : | C.A. No. 20-00457-WES |
| : | |
| SANDIE PATRICIA LEACH GRAGE : | |
| RAY (a/k/a KYUNG AI YU) : | |

**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915 without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action

taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint.  See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff has a mailing address in Swansea, Massachusetts, he purports to be a resident of Bristol County, Rhode Island, and he notes that he is "one of the Sovereign People of the Republic."  (ECF No. 1-1).  He initiated this pro se action against his ex-wife, a Massachusetts resident, on October 21, 2020.

The following facts are claimed by Plaintiff.  He alleges that Defendant "violated her original covenant of marriage" and that Defendant "is keeping [him] from seeing [his] daughter." (ECF No. 1 at p. 5).  He states that the "controversy is over my daughter's four remaining years of adolescence.  I demand that she stay with me full time beginning on 6/1/2023 until she turns 18 years of age." Id.  He also states that he wants to "return to regular visitation (3 nights a week with me) immediately." Id. at p. 6.  In his "Statement of Claim" section, he alleges that Defendant "has a lot of sugary-unhealthy food at her home and watches loads of network television – especially Walt Disney Station – which is Satanic – She is programmed by these dark forces and will allow my daughter to be so programmed as well.…An un-checked single mother will erode the confidence of her children to keep them at home under her care.  This is smothering love." Id. at p. 9.

These allegations are plainly an attempt by Plaintiff to relitigate or challenge divorce and custody matters that were or should have been adjudicated in the Rhode Island Family Court. Plaintiff states, "Equity will take jurisdiction to avoid a multiplicity of suits.  [See State of Rhode Island Family Court Civil Action Number N20130220]." Id. at p. 10.  The Rhode Island Family Court docket listed in the Complaint is the parties' divorce proceeding, and the docket indicates that the divorce was finalized in February 2014.  The docket further states the case was reopened in September 2020, via an "Emergency Motion" and that the case remains "open."

This Court has no subject matter jurisdiction over these claims pursuant to the domestic relations exception, and they must be dismissed.  See Behroozi v. Behroozi, C.A. No. 15-00536-WES, 2016 WL 8461181, at *2 (D.R.I. Nov. 22, 2016), adopted, 2017 WL 933059 (D.R.I. Mar. 8, 2017).  As the First Circuit recently held in Irish v. Irish, the domestic relations exception is "in line with the traditional reluctance of federal courts to sanction federal interference with matters

thought to be distinctively local," and is based on the long-settled notion that it "is certain that the Constitution…confers no power whatever upon the government of the United States to regulate marriage in the States or its dissolution."  842 F.3d 736, 740 (1st Cir. 2016) (citing Andrews v. Andrews, 188 U.S. 14, 32 (1903)).  Based on these principles, the domestic relations exception divests federal courts of jurisdiction over "[cases implicating] domestic relations issues" that would otherwise meet the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a).[1]  Marshall v. Marshall, 547 U.S. 293, 307 (2006) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 701 (1992)).  When, as here, the claim at issue seeks "to obtain, alter or end a divorce…decree," the case falls into the exception and must be dismissed for want of subject matter jurisdiction.  Irish, 842 F.3d at 741.  Likewise, to the extent such claims concern child custody decrees, they are also barred in this Court under the domestic relations exception to federal diversity jurisdiction.  Behroozi, 2017 WL 933059 at *1.

This case also does not survive screening because it is improper for this Court to interfere with any judicial proceedings that may be underway in the Rhode Island state courts.  See Younger v. Harris, 401 U.S. 37 (1971).  If Plaintiff's divorce proceeding remains pending, the Younger abstention doctrine dictates a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

Moreover, even if the Rhode Island state court proceedings have now concluded, Plaintiff's complaints appear to be an improper attempt to have this Court review and overturn rulings made by that court.  Such an attempt is barred in federal court by the Rooker-Feldman abstention

---

[1] Because it is not material to the outcome of this Report & Recommendation, the Court will not address the diversity of the parties, although, as noted, it appears they are both currently residents of the Commonwealth of Massachusetts.

doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars federal courts from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."); and Edwards v. Ill. Bd. of Admission, 261 F.3d 723, 728 (7th Cir. 2001) ("federal courts do not have subject matter jurisdiction to review state court civil decisions. Plaintiffs must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari.").

**Conclusion**

For the reasons stated, Plaintiff's Motions to Proceed In Forma Pauperis (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), I further recommend that Plaintiff's Complaint (ECF No. 1) and this case be DISMISSED WITHOUT PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 4, 2020